Kathleen G. Alvarado, SBN 117690
Attorney at Law
3890 Tenth Street, 3rd Fl.
Riverside, CA 92501
Telephone: (951) 682-6630
Facsimile: (951) 682-0056

Attorney for Plaintiff,
DAVID MORALES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MORALES<br><br>Plaintiff,<br><br>vs.<br><br>INDYMAC FEDERAL SAVINGS BANK; ONE WEST BANK, FSB, FORMALLY KNOWN as INDYMAC BANK, FSB; QUALITY LOAN SERVICES, INC., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; FIRST AMERICAN TITLE INSURANCE COMPANY; STEVEN MNUCHIN; KEVIN McCARTHY; JEAN P. FERNANDEZ; MICHELLE NGUYEN; J.C. SAN PEDRO; JAMES C. MORRIS; LEE PASCHEN; NICOLE FUENTES; KEVIN BRABANT; RICK WILKENS; ROGER STOTTS; and DOES 1 to 10,<br><br>Defendants. | Case No. CV10-1097 JFW (OP)<br><br>**PLAINTIFF'S AMENDED OPPOSITION TO DEFENDANT ONEWEST BANK, FSB, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., STEVEN MNUCHIN, J.C. SAN PEDRO AND ROGER STOTTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Date of hearing: May 3, 2010<br>Time: 01:30 p.m.<br>Ctrm: 16<br>Judge: Hon. John F. Walter |

# TABLE OF CONTENTS

| | Page |
|---|---|
| STATEMENT OF CASE ............................ | 2-4 |
| MEMORANDUM OF POINTS AND AUTHORITIES ... | 2-8 |
| I. INTRODUCTION ............................ | 2-4 |
| A. Statement of Case | |
| II. THE MOTION TO DISMISS SHOULD BE DENIED UNTIL DISCOVERY CAN TAKE PLACE ........ | 4-5 |
| III. CALIFORNIA CIVIL CODE §2923.5 AND 2923.6: STRICT STATUTORY REGULATION OF NON-JUDICIAL FORECLOSURES WAS NOT FOLLOWED ................................ | 5-8 |
| A. The Foreclosure Sale was Void .................. | 6 |
| B. There is no Tender Requirement ................. | 7 |
| IV. PLAINTIFF HAS ADEQUATELY PLEAD FACTS ESTABLISHING DECIET BY FALSE PROMISES ......... | 8-9 |
| V. CONCLUSION ....................................... | 9 |

# TABLE OF AUTHORITIES

**Cases** **Pages**

*Anderson v. Heart Fed. Savings & Loan Assn.* 208 C.A.3d 202 (1989)..........5

*Arnold & Assocs., Inc. V. Misys healthcare Systems* 275 F.Supp.2d 1013, 1028 (D AZ 2003)..........8

*Balistreri v. Pacifica Police Dep't* 901 F.2d 696, 699 (9th Cir. 1988)..........5

*Dimock v. Emerald Properties LLC* 81 C.A.4th 868 (2009)..........5

*Doe v. See* 557 F.3d 1066, 1073-0174, (2009)..........8

*Firestone v. Firestone* 76 F.3d 1205, 1209, (1996)..........9

*Karlsen v. American Savings & Loan Assn.* 15 C.A.3d 112 (1971)..........5

*Libas Ltd. V. Carillo* 329 F.3d 1128, 1130 (9th Cir. 2003)..........5

*Moore v. Brewster* 96 F.3d 1240, 1245-1246 (9th Cir. 1996)..........8

*Pareto v. FDIC* 139 F.3d 696, 699 (9th Cir. 1998)..........5

*Parks School of Bus. Inc. v. Symington*

51 F.3d 1480, 1484 (9th Cir. 1995)....................5

*Pierson v. Fischer* 131 C.A.2d 208, 213 (1955)....................5

*Systems Inv. Corp. v. Union Bank* 21 C.A.3d 137 (1971)....................5

*United States ex. Rel. Rost v. Pfizer, Inc.* 507 F.3d 720, 731 (1st Cir. 2007)....................8

*Wolfe v. Lipsy* 163 C.A.3d 633 (1985)....................5

**Statutes**

Federal Rules of Civil Procedure Rule 12(b)(6)....................4

Federal Rules of Civil Procedure Rule 8....................8

Federal Rules of Civil Procedure Rule 9....................8

*California Civil Code §2924*....................5

*California Civil Code §2934a(a)(1)(A)*....................6

*California Civil Code §2932.5*....................7

**EXHIBITS**

- **A. Servicing Business Asset Purchase Agreement**
- **B. Notice of Pending Action**
- **C. Notice of Default**
- **D. Substitution of Trustee**
- **E. Assignment of Deed of Trust**
- **F. Notice of Trustee's Sale**
- **G. Trustee's Deed Upon Sale**

## MEMORANDUM OF POINT AND AUTHORITIES

## I.

## INTRODUCTION

Plaintiff, David Morales (hereinafter "Plaintiff") hereby respectfully submits his opposition to Defendant ONEWEST BANK, FSB, Mortgage Electronic Registration System, Inc., Steven Mnuchin, J.C. San Pedro and Roger Stotts' (hereinafter "Defendants") Motion to Dismiss;

(1) Plaintiff Morales properly alleges the foreclosure sale was void, not merely voidable because of notice irregularities, because the Substitution of Trust were void, and no requirement exists in a void foreclosure sale to tender the amount due on the loan;

(2) Plaintiff Morales has stated causes of action for fraud and deceit by false promise with specificity. Plaintiff does concede that there was a typographical error in Plaintiff's First Amended Complaint in that on page 17 of the FAC the caption of the Fifth Cause of Action should read "Sixth" Cause of Action--Deceit by False Promise;

(3) Plaintiff states a cause of action for Quiet Title because he is the legal owner of their home subject to a void foreclosure, and his Quiet Title action is not based on an equitable claim to title.

**A. Statement of the Case.**

In or around October 24, 2006, Plaintiff refinanced the subject property, and entered into a loan with INDYMAC BANK, FSB, hereinafter "INDYMAC".

During the beginning of 2008, Plaintiff started negotiating with INDYMAC for a modification of his loan. Plaintiff was advised during the early part of that year that he needed to be behind in his payments before INDYMAC would consider him for a loan modification. Based

upon the recommendations of INDYMAC personnel, Plaintiff stopped making his payments so that he would qualify for a loan modification. Throughout 2008 Plaintiff Morales went back and forth with personnel at INDYMAC in an attempt to modify his loan. In the early part of December 2008, Plaintiff Morales was told that he was approved for a loan modification. However, a few days later, on December 11, 2008, Defendant QUALITY LOAN recorded a Notice of Default against Plaintiff's home at 7057 Mesada St., Rancho Cucamonga, CA 91701, claiming that Plaintiff had failed to make payments on his loan with INDYMAC.

Plaintiff was assured by personnel at INDYMAC that he was still going to get a loan modification. He was advised to sign the loan modification agreement, send in the supporting documents, and send in a check for the new loan payment. He did as he was told. Subsequently, his check was returned because it was not in certified funds. The loan modification agreement did not indicate that certified funds were required. Plaintiff quickly sent in a cashier's check for the January 2009 payment. That check was accepted and cashed. After this occurred, during a telephone conversation with an INDYMAC employee, Plaintiff was told that his February payment would not be accepted because he was in foreclosure. Plaintiff was now told that he would need to sign a forbearance agreement and pay $5,000.00. He was now told that payment of this $5,000.00 would not guarantee that he would be given a loan modification or that it would guarantee that his home would be saved.

On March 19, 2009, ONEWEST acquired all assets on INDYMAC for an estimated 16 billion dollars, and pursuant to Section 10.12 of their Servicing Business Asset Purchase Agreement, ONEWEST was required to *complete the processing of all mortgage loan modifications in process and honor all offers of modifications for which processing has not yet commenced.* (Exhibit "A").

Furthermore, ONEWEST had agreed and was required to comply with the Federal Deposit Insurance Corporation (hereinafter 'FDIC") Mortgage Loan Modification Program for so long as any financing provided by the FDIC remained outstanding. (Exhibit "A").

Moreover, ONEWEST knew that loan modifications had been offered by INDYMAC to homeowners prior to its acquisition because ONEWEST agreed, by and through said servicing agreement, to complete and honor all offers of loan modifications made, in process, and/or to be made in the future.

After March 19, 2009, Plaintiff was in constant contact with employees of ONEWEST regarding INDYMAC's previous promise to give him a loan modification. Plaintiff advised employees of ONEWEST that he had complied with INDYMAC's request for information and that INDYMAC had agreed to provide Plaintiff with a loan modification because INDYMAC had accepted Plaintiff's initial payment under the terms of the loan modification.

On May 26, 2009, in reckless disregard of INDYMAC's agreement to provide a loan modification to Plaintiff, Plaintiff's home was sold by Trustee at a public auction. On August 6, 2009, Plaintiff filed a Notice of Pending Action with the San Bernardino County Recorder's Office and in the San Bernardino Superior Court, Rancho Cucamonga Judicial District, along with San Bernardino Superior Court Case number CIVRS909567. (Exhibit "B")

**II.**

**THE MOTION TO DISMISS SHOULD BE DENIED UNTIL DISCOVERY CAN TAKE PLACE**

A Motion under Federal Rules of Civil Procedure Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. Dismissal is only proper when (1) there is a "lack of a cognizable legal theory" or (2) "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.* 699 (9th Cir. 1988).

Further, when reviewing a motion to dismiss, the Court "assume[es] all facts and inferences in favor of the nonmoving party." *Libas Ltd. v. Carillo,* 329 F.3d 1128, 1130 (9th Cir. 2003). When ruling on a 12(b)(6) motion, the complaint must be construed in the light most favorable to the plaintiff. *Parks Sch. of Bus. Inc.v. Symington,* 51 F.3d 1480, 1484 (9th Cir. 1995). The Court must accept as true all material allegations in the complaint, as well as any reasonable inferences to be drawn from them. *Pareto v. FDIC,* 139 F.3d 696, 699 (9th Cir. 1998).

In Plaintiff's First Amended Complaint there are sufficient facts alleged to state a claim for relief as set forth below.

**III.**

**CALIFORNIA CIVIL CODE § 2923.5 AND 2923.6: STRICT STATUTORY REGULATION OF NONJUDICIAL FORECLOSURES WAS NOT FOLLOWED**

Statutory regulation of nonjudicial foreclosures is set forth in *California Civil Code* §2924, et seq. There are requirements for the notice of default, the notice of time and place of sale, the manner of conducting the sale and the distribution of the proceeds. Irregularities in a trustee's sale may be grounds for setting it aside. (See *Pierson v. Fischer,* 131 C.A.2d 208, 213, (1955); *Karlsen v. American Savings & Loan Assn.* 15 C.A.3d 112, 116, (1971), 92 C.R.851 [purchase by trustee at his own sale is *voidable* and trustor may redeem]; *Systems Inv. Corp. v. Union Bank* 21 C.A.3d 137, 152, (1971); *Wolfe v. Lipsy* 163 C.A.3d 633, 639, (1985); *Anderson v. Heart Fed. Savings & Loan Assn.* 208 C.A.3d 202, (1989) sale may not be based on contingent default]; *Dimock v. Emerald Properties LLC* 81 C.A.4th 868, 876, (2000) (when new trustee has been substituted, subsequent sale by former trustee is void, and not merely voidable).

On December 11, 2008, Defendant QUALITY LOAN recorded a Notice of Default against Plaintiff's home. (*Statement of the Case*, pg. 7, lines 15-16). (See Exhibit "C"). At that time,

defendant FIRST AMERICAN TITLE was still the trustee under the Deed of Trust. Defendant QUALITY LOAN was not the duly appointed trustee until the Substitution of Trustee had been recorded on 1/23/2009. (*Statement of the Case*, pg. 7, lines 20-21). (See Exhibit "D"). At the time the Notice of Default was recorded on December 11, 2008, there had been no assignment to defendant QUALITY LOAN. Defendant QUALITY LOAN was a stranger to the transactions.

**A. The Foreclosure Sale was Void**

The Civil Code mandates that Substitutions of Trustee be acknowledged and recorded. *California Civil Code §*2934a provides in pertinent part:

> "(a)(1) The trustee under trust deed upon real property or an estate for years therein given to secure an obligation to pay money and conferring no other duties upon the trustee then those which are incidental to the exercise of the power of sale therein conferred, **may be substituted by the recording in the county in which the property is located of a substitution executed and acknowledged** by: (A) all of the beneficiaries under the trust deed or their successors in interest, and the substitution shall be effective not withstanding any contrary provision in any trust deed executed on or after January 1, 1968..." (Emphasis added).

Civil Code § 2934a(a)(1)(A) requires that "all of the beneficiaries under the trust deed or their successors in interest" must "execute and acknowledge" the Substitution of Trustee. The Substitution of Trustee was executed on December 10, 2008 by IndyMac Federal Bank F.S.B. The acknowledgement of signature was not made until December 19, 2008 and the Substitution was not made public record through recording until January 23, 2009. At the time the Substitution of Trustee was signed no assignment of Beneficial Interest was recorded. Mortgage Electronic Registration Systems, Inc. was the Beneficiary of record. The Substitution of Trustee is void.

Civil Code Section 2932.5 mandates that an Assignment of Beneficial Interest must be signed, acknowledged and recorded prior to the assignee being authorized to exercise the power entitled by the instrument. On February 3, 2009, IndyMac Federal Bank FSB recorded an Assignment of Deed of Trust (Exhibit "E"). The document purported to transfer to IndyMac Bank FSB, all beneficial interest in the Note and Deed of Trust as of November 21, 2008 2:45 AM. The Assignment was not acknowledged until January 23, 2009. The Assignment was not acknowledged or recorded at the time the Substitution was recorded. Quality Loan Service Corporation was never Substituted in correctly and never held the power to sale Plaintiffs property. The Sale was void.

On March 12, 2009, defendant Quality signed a Notice of Trustee's Sale, recorded on March 16, 2009 (Exhibit "F"). Defendant Quality had no right to record the Notice of Trustee's Sale because it knew the Substitution of Trustee was executed by the wrong Beneficiary. The Notice of Trustee's Sale was void and Quality knew it was void. On May 26, 2009 Quality conducted a foreclosure sale citing that the property was sold by the Trustee in the amount of $375,946.00, erroneously to One West Bank, F.S.B., formally known as IndyMac Bank, F.S.B., grantee being the highest the highest bidder at such sale. Quality had no authority to hold said sale.

On June 5, 2006, Quality recorded a Trustee's Deed Upon Sale reciting the property was purchased by ONEWEST for $375,946.00 and that the amount of the unpaid debt with costs was $674,694.30. (Exhibit "G"). Plaintiff contends that the foreclosure was void, as was the sale.

**B.** <u>There is no Tender Requirement.</u>

Plaintiff does not make an equitable claim of irregularity in notice which renders the sale voidable. Plaintiff alleges a legal action for a *void* foreclosure because of the invalid Substitution of Trustee

and Assignment of Deed of Trust. Plaintiff claims legal title, and there is no requirement that he offer a "full tender" because the sale is void and cannot be validated by the absence of the exercise of redemption.

## IV.

## PLAINTIFF HAS ADEQUATELY PLEAD FACTS ESTABLISHING DECIET BY FALSE PROMISES

Federal Rule of Civil Procedure Rule 8 states the general rule of pleading that a Complaint need contain;

(1)  A short and plain statement of the ground for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support ;

(2)  A short and plain statement of the claim showing that the pleader is entitled to relief; and

(3)  Demand for the release that, which may include relief in the alternative or different types of relief "Notice Pleading" is all that is required unless pleading a special matter as delineated in FRCP Rule 9 *Doe v. See* 557 F.3d 1066, 1073/1074, "2009". If one pleads fraud it must be pled with particularity. FRCP 9. The elements of Fraud are determined by the State law in diversity cases, but the rules of pleading with particularity are determined by the Federal Law and FRCP 9. *Moore v. Brewster* (9th Cir. 1996) 96 F.3d 1240, 1245-1246; *United States rel. Rost v. Pfizer, Inc.* (1st Cir. 2007) 507 F.3d 720, 731, fn. 8; *Arnold & Assocs., Inc. v. Misys Healthcare Systems* (D AZ 2003) 275 F.Supp. 2d 1013, 1028. The facts of the fraud are clearly pled. Thus, the Complaint alleges sufficient facts to meet the specificity requirement of Rule 9. If the Court rules that these Causes of Action are not pled with adequate specificity, Plaintiff's request leave to amend their complaint to allege facts supporting their fraud cause of action with

greater specificity, including the nature of the misrepresentations, their content, and the persons involved in making the misrepresentations. It is well established that leave is generally granted in the furtherance of justice. *Firestone v. Firestone* (1996) 76 F.3d 1205, 1209.

**CONCLUSION**

Plaintiff adequately met the burden under FRCP 8 of notice pleading. As to the more particular pleading of fraud, and other matters, plaintiff pled, or implied facts that get by the pleading stage. If not, it is requested the Court allow leave to amend for Plaintiff to plead facts on any causes of action needing amendment.

DATED: APRIL 12, 2010

KATHLEEN G. ALVARADO
ATTORNEY AT LAW
3890 Tenth Street, 3rd Fl.
Riverside, CA 92501
(951) 682-6630
*Attorney for Plaintiff David Morales*