1  ROBERT J. CATHCART (BAR NO. 54906)
   ELEANOR M. ORD (BAR NO. 242033)
2  ALLEN MATKINS LECK GAMBLE
     MALLORY & NATSIS LLP
3  515 South Figueroa Street, Ninth Floor
   Los Angeles, California 90071-3309
4  Phone: (213) 622-5555
   Fax: (213) 620-8816
5  E-Mail: mcathcart@allenmatkins.com
           eord@allenmatkins.com
6
   Attorneys for Defendants
7  ONEWEST BANK, FSB (erroneously sued as One
   West Bank Formally Known as IndyMac Bank,
8  FSB); MORTGAGE ELECTRONIC
   REGISTRATION SYSTEMS, INC.; STEVE
9  MNUCHIN; J.C. SAN PEDRO; AND ROGER
   STOTTS
10

11                UNITED STATES DISTRICT COURT

12                CENTRAL DISTRICT OF CALIFORNIA

13                        Western Division

14 | DAVID MORALES,              | Case No. CV10-1097 JFW (OPx)
15 |        Plaintiff,           | ONEWEST BANK, FSB, MORTGAGE
                                   ELECTRONIC REGISTRATION
16 |        vs.                  | SYSTEMS, INC., STEVEN MNUCHIN,
                                   J.C. SAN PEDRO AND ROGER
17 | INDYMAC FEDERAL SAVINGS     | STOTTS' REPLY IN SUPPORT OF
   | BANK; ONE WEST BANK, FSB,   | MOTION TO DISMISS PLAINTIFF'S
18 | FORMALLY KNOWN AS INDYMAC   | FIRST AMENDED COMPLAINT
   | BANK, FSB; QUALITY LOAN
19 | SERVICES, INC; MORTGAGE     | Date:  May 3, 2010
   | ELECTRONIC REGISTRATION     | Time:  1:30 p.m.
20 | SYSTEMS, INC.; FIRST AMERICAN| Ctrm:  16
   | TITLE INSURANCE COMPANY;    | Judge: Hon. John F. Walter
21 | STEVEN MNUCHIN; KEVIN
   | MCCARTHY; JEAN P. FERNANDEZ;| First Amended
22 | MICHELLE NGUYEN; J.C. SAN   | Complaint Filed: January 12, 2010
   | PEDRO;JAMES C. MORRIS; LEE
23 | PASCHEN; NICOLE FUENTES;
   | KEVIN BRABANT; RICK WILKENS;
24 | ROGER STOTTS; and Does 1 to 100,
25 |        Defendants.

LAW OFFICES
Allen Matkins Leck Gamble
   Mallory & Natsis LLP

858249.02/LA
                              -1-
Case No. CV10-1097 JFW (OPx)
REPLY IN SUPPORT OF MOTION TO
DISMISS

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

858249.02/LA

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Defendants OneWest Bank, FSB, erroneously sued as One West Bank, FSB formally known as IndyMac Bank, FSB ("OneWest"), Mortgage Electronic Registration Systems Inc. ("MERS"), Steven Mnuchin ("Mnuchin"), J.C. San Pedro ("San Pedro") and Roger Stotts ("Stotts") (collectively "Moving Defendants") hereby submit the following Reply in support of their previously filed Motion to Dismiss the First Amended Complaint of Plaintiff David Morales ("Plaintiff"):

## I. INTRODUCTION.

Plaintiff's Opposition fails to rebut any of the arguments made in Moving Defendant's Motion to Dismiss, substituting instead a sweeping mischaracterization of the relationship between IndyMac Bank, FSB ("IndyMac") and OneWest, along with a second rendition of the non-specific, conclusory and rambling allegations in the First Amended Complaint ("FAC"). Indeed, Plaintiff's Opposition is more notable for what it does not contain than for what it does; specifically Plaintiff fails to cite to any legal authority for his contentions or to address or rebut the legal arguments put forward by Moving Defendant's Motion to Dismiss. Accordingly, Moving Defendants respectfully requests that this Court dismiss the FAC, with prejudice.

## II. PLAINTIFF MISCHARACTERIZES THE RELATIONSHIP BETWEEN INDYMAC AND ONEWEST.

Plaintiff contends that OneWest is somehow responsible for the alleged misconduct of IndyMac Bank, FSB ("IndyMac") because OneWest purchased some of the assets of this failed institution.[1] Plaintiff alleges that because he was later in

---

[1] Although Plaintiff refers only to IndyMac Bank, F.S.B. in his FAC, it is clear that he dealt with IndyMac Federal Bank, F.S.B. at least during part of the relevant time period. For example, the alleged loan modification agreement attached to the FAC as Exhibit H refers to IndyMac Federal Bank, F.S.B. rather than IndyMac Bank, F.S.B.

1  contact with OneWest regarding IndyMac's alleged promise to give him a loan
2  modification and because OneWest contractually agreed with IndyMac to continue
3  to process or grant certain loan modifications, OneWest should be held liable for the
4  acts of IndyMac or IMF. These allegations are clearly without merit. Plaintiff was
5  not a party to any agreement between IMF and OneWest regarding the purchase of
6  assets. Accordingly, Plaintiff cannot seek to enforce any terms of such an
7  agreement, even if it applied to Plaintiff's loan, which Plaintiff has not established or
8  even properly alleged. Moreover, as the FDIC stated in its Motion for Judgment on
9  the Pleadings, the agreement by which the FDIC sold certain of IMF's assets to
10 OneWest "expressly provided that all of [IMF's] unsecured liabilities would be
11 retained by the Receiver [and] OneWest has not assumed such liabilities." FDIC's
12 Motion for Judgment on the Pleadings, pp. 1-2, lines 25-28, and lines 1-2. The mere
13 allegation that Plaintiff told OneWest employees that he thought, mistakenly, that
14 IndyMac had agreed to give him a loan modification is not sufficient to create
15 liability as to OneWest. Therefore, Plaintiff's attempt to hold OneWest liable for
16 IndyMac's alleged actions has no merit and must fail.

### III. PLAINTIFF FAILS TO OVERCOME THE PRESUMPTION THAT THE FORECLOSURE SALE WAS PROPER AND DOES NOT MEET THE TENDER REQUIREMENT.

#### A. Plaintiff's Allegations that the Substitution of Trustee and the Assignment of Deed of Trust Were Defective Are Without Merit.

Plaintiff first restates his argument from the FAC that the Substitution of Trustee must be acknowledged and recorded prior to being effective. This is simply wrong. California Civil Code section 2924a(d) clearly states that the substituted trustee is permitted to act from the date of execution and before recordation of the Substitution of Trustee:

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

858249.02/LA

-3-

Case No. CV10-1097 JFW (OPx)
REPLY IN SUPPORT OF MOTION TO DISMISS

> "A trustee named in a recorded substitution of trustee shall be deemed to be authorized to act as the trustee under the mortgage or deed of trust for all purposes from the date the substitution is executed by the mortgagee, beneficiaries, or by their authorized agents . . . Once recorded, the substitution shall constitute conclusive evidence of the authority of the substituted trustee or his or her agents to act pursuant to this section."

*Cal. Civ. Code* § 2924a(d). Here, the Substitution of Trustee, naming Quality Loan Services, Inc. ("Quality") as the trustee, was executed on December 10, 2008, the same date the Notice of Default was recorded. Accordingly, Quality was authorized to act as the trustee and the Notice of Default was valid and properly issued.

In addition to reiterating his meritless argument that the Substitution of Trustee was defective, Plaintiff now argues that IMF did not have the authority to execute the Substitution of Trustee because the Assignment of Deed of Trust from MERS to IMF was not recorded when the Substitution of Trustee was executed. However, there is no requirement that the Assignment of Deed of Trust be recorded in order to effectuate the assignment. The Assignment of Deed of Trust here was signed with an effective date of November 21, 2008. It is immaterial whether it was acknowledged and executed prior to the execution of the Substitution of Trustee. Plaintiff contends that Cal. Civ. Code section 2932.5 requires that the Assignment of Deed of Trust must be signed, acknowledged and recorded prior to the assignee "being authorized to exercise the power entitled to the instrument," but this is incorrect. Opp. p. 7, lines 1-3. Cal. Civ. Code section 2932.5 states only that "[t]he power of sale may be exercised by the assignee if the assignment is duly acknowledged and recorded." Here, the subject property was not sold until May 26, 2009, more than two months after the acknowledged Assignment of Deed of Trust was recorded on February 3, 2009. Opp. p. 7, lines 15-16. Therefore, there was no defect in the Assignment of Deed of Trust or the Substitution of Trustee, and the Trustee's Sale of the subject property was valid and proper.

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

858249.02/LA

-4-

Case No.  CV10-1097 JFW (OPx)
REPLY IN SUPPORT OF MOTION TO
DISMISS

B. <u>Plaintiff Is Required to Tender to Challenge the Trustee's Sale and Fails to Do So.</u>

Plaintiff now argues that no tender is required to challenge the foreclosure sale because the sale was void rather than voidable. Plaintiff fails to cite any authority for this proposition, and his contentions here are without merit. As detailed above, there was no defect in the Substitution of Trustee or in the Assignment of the Deed of Trust. Therefore, the trustee's sale of the subject property was not void, and Plaintiff must tender the proceeds of the loan and overcome the common law presumption that the trustee's sale was conducted regularly and fairly in order to challenge the foreclosure. *United States Cold Storage v. Great Western Savings & Loan Assn.*, 165 Cal.App.3d 1214, 1222 (1985); *Melendrez v. D&I Investment, Inc.*, 127 Cal.App.4th 1258 (2005). Because Plaintiff has not made a valid offer to tender, his attempts to set aside the trustee's sale of the subject property should be barred.

IV. **<u>PLAINTIFF HAS NOT AND CANNOT ALLEGE ADEQUATE FACTS TO MEET THE HEIGHTENED PLEADING STANDARD FOR FRAUD.</u>**

Plaintiff makes no factual or legal argument that his FAC meets Federal Rule of Civil Procedure ("FRCP") 9's heighted pleading requirement for fraud or the ordinary pleading standards under the Federal rules. Instead, he simply states in conclusory fashion that the pleading standard for fraud is met because "[t]he facts of the fraud are clearly pled." Opp. p. 8, lines 24-25. As demonstrated in Moving Defendant's Motion to Dismiss, the allegations of fraud are clearly deficient, especially as to the Moving Defendants.

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

858249.02/LA

-5-

Case No. CV10-1097 JFW (OPx)
REPLY IN SUPPORT OF MOTION TO DISMISS

Plaintiff now asserts that the second of the two duplicative Fifth Causes of Action in his FAC is actually a cause of action for Deceit by False Promise[2] This cause of action is merely another species of fraud that also fails to meet the heightened pleading standard prescribed by FRCP 9. Plaintiff fails to allege with the required specificity the who, what, where and when of the alleged fraud. *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Moreover, Plaintiff fails to allege any specific facts to link MERS to this cause of action for fraud. His allegations regarding OneWest are equally weak and conclusory. Plaintiff alleges only that he continued "dialing the same phone numbers and continued speaking to the same individuals" after OneWest's acquisition of certain of IMF's assets, but fails to allege any specific incidents of deceit or false promises by OneWest at all. FAC, ¶ 102.

Just as in his other causes of action for fraud, Plaintiff's claim here is predicated on the allegation that he had an agreement for a loan modification with IMF. As detailed in Moving Defendant's Motion to Dismiss, it is clear from the face of this unsigned purported agreement, attached to the FAC as Exhibit H, that no contract was ever formed between IMF and Plaintiff, because it was never signed by IMF or returned to Plaintiff. FAC, Exhibit H, p. 1 ¶ 1. Moreover, Plaintiff's own allegations indicate that he was informed by IMF that his request for a loan modification was denied on February 6, 2009. FAC ¶ 101.

Plaintiff's newly denominated Sixth Cause of Action for Deceit by False Promise, and his other causes of action for fraud, therefore must fail.

---

[2] In his FAC, Plaintiff includes two Fifth Causes of Action. Despite the fact that neither was denominated as a cause of action for deceit by false promises, nor was such a cause of action listed on the caption page, Plaintiff now states in his Opposition that the second of these Fifth Causes of Action is in fact a cause of action for Deceit by False Promises rather than for Declaratory Relief. Regardless, it has no merit and fails to meet the pleading standards of the Federal Rules.

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

858249.02/LA

-6-

Case No. CV10-1097 JFW (OPx)
REPLY IN SUPPORT OF MOTION TO DISMISS

## V. CONCLUSION.

For the reasons stated above, and in their Motion to Dismiss, Moving Defendants' respectfully request that this Court dismiss Plaintiff's FAC, with prejudice.

Dated: April 19, 2010

ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
ROBERT J. CATHCART
ELEANOR M. ORD

By:   /s/ Eleanor M. Ord
ELEANOR M. ORD
  Attorneys for Defendants
ONEWEST BANK, F.S.B,
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,
STEVEN MNUCHIN; J.C. SAN
PEDRO; and ROGER STOTTS

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

858249.02/LA

-7-

Case No.  CV10-1097 JFW (OPx)
REPLY IN SUPPORT OF MOTION TO DISMISS

# CERTIFICATE OF SERVICE

*David Morales v. IndyMac Federal Savings Bank, et al.*
USDC, Central District of California, Western Division
Case No.: CV10-1097 JFW (OPx)

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen (18) and am not a party to this action. My business address is 515 South Figueroa Street, Ninth Floor, Los Angeles, California 90071-3309. On April 19, 2010, I served on interested parties in said action the following document(s):

ONEWEST BANK, FSB, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., STEVEN MNUCHIN, J.C. SAN PEDRO AND ROGER STOTTS' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

The document(s) referenced herein was served to the parties on the attached Service List by the following means:

☒ **BY OVERNIGHT DELIVERY:** I deposited in a box or other facility regularly maintained by Federal Express, or delivered to a courier or driver authorized by said express service carrier to receive documents, a true copy of the foregoing document(s) in sealed envelopes or packages designated by the express service carrier, addressed as indicated in the attached Service List on the above-mentioned date, with fees for overnight delivery paid or provided for.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 19, 2010, at Los Angeles, California.

| Lourdes Hernandez | /s/ Lourdes Hernandez |
|---|---|
| (Type or print name) | (Signature of Declarant) |

## SERVICE LIST

*David Morales v. IndyMac Federal Savings Bank, et al.*
USDC, Central District of California, Western Division
Case No.: CV10-1097 JFW (OPx)

| | |
|---|---|
| Kathleen Alvarado, Esq.<br>3890 Tenth Street, 3rd Floor<br>Riverside, CA 92501<br>(951) 905-8132 / (951) 682-0056 | *Attorney for Plaintiff DAVID MORALES* |
| Michael A. Angel, Esq.<br>Zachary J. Brown, Esq.<br>Meserve, Mumper & Hughes LLP<br>300 South Grand Avenue, 26th Floor<br>Los Angeles, California 90071-3185 | *Attorneys for Defendant FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR INDYMAC FEDERAL BANK FSB* |

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

858249.02/LA

-9-

Case No. CV10-1097 JFW (OPx)
REPLY IN SUPPORT OF MOTION TO DISMISS