ROBERT J. CATHCART (BAR NO. 54906)
ELEANOR M. ORD (BAR NO. 242033)
ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
515 South Figueroa Street, Ninth Floor
Los Angeles, California 90071-3309
Phone: (213) 622-5555
Fax: (213) 620-8816
E-Mail: mcathcart@allenmatkins.com
        eord@allenmatkins.com

Attorneys for Defendants
ONEWEST BANK, FSB (erroneously sued as
"ONE WEST BANK, FSB, formally known as
INDYMAC BANK, FSB); MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS,
INC.; STEVE MNUCHIN; J.C. SAN PEDRO;
AND ROGER STOTTS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

Western Division

| | |
|---|---|
| DAVID MORALES,<br><br>  Plaintiff,<br><br>  vs.<br><br>INDYMAC FEDERAL SAVINGS BANK; ONE WEST BANK, FSB, FORMALLY KNOWN AS INDYMAC BANK, FSB; QUALITY LOAN SERVICES, INC; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; FIRST AMERICAN TITLE INSURANCE COMPANY; STEVEN MNUCHIN; KEVIN MCCARTHY; JEAN P. FERNANDEZ; MICHELLE NGUYEN; J.C. SAN PEDRO;JAMES C. MORRIS; LEE PASCHEN; NICOLE FUENTES; KEVIN BRABANT; RICK WILKENS; ROGER STOTTS; and Does 1 to 100,<br><br>  Defendants. | Case No. CV10-1097 JFW (OP)<br><br>[Assigned to Judge Hon. John F. Walter]<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ONEWEST BANK, FSB, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., STEVEN MNUCHIN, J.C. SAN PEDRO AND ROGER STOTTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT<br><br>[Request for Judicial Notice and [Proposed] Order Filed Concurrently]<br><br>Date: May 3, 2010<br>Time: 1:30 p.m.<br>Ctrm: 16<br><br>First Amended<br>Complaint Filed: January 12, 2010 |

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

859110.01/LA

Case No. CV10-1097 JFW (OP)
MEMO OF P&A ISO MOTION TO DISMISS

# TABLE OF CONTENTS

Page

I. INTRODUCTION ..................................................................................... 1

II. STATEMENT OF FACTS ........................................................................ 2

III. LEGAL STANDARD ................................................................................ 3

IV. NO CAUSES OF ACTIONS ARE ALLEGED AGAINST DEFENDANT SAN PEDRO ........................................................................ 6

V. EACH CAUSE OF ACTION IN THE FAC FAILS ................................. 6

   A. Plaintiff's First Cause of Action for Fraud is Subject to Dismissal ......................................................................................... 6

      1. MERS Role as Beneficiary and Organization .......................... 7

      2. Plaintiff Fails to Meet the Pleading Standard for Fraud ......................................................................................... 8

   B. Plaintiff's Second Cause of Action to Void and Cancel Deed of Trust is Subject to Dismissal .................................................. 9

   C. Plaintiff's Third and Fourth Causes of Action to Set Aside Trustee's Sale and to Void or Cancel Trustee's Deed Upon Sale are Subject to Dismissal ................................................................ 9

      1. Plaintiff Fails to Overcome the Presumption that the Trustee's Sale was Proper .......................................................... 10

      2. Plaintiff Fails to Meet the Tender Requirement ...................... 12

   D. Plaintiff's Fifth Cause of Action to Quiet Title is Subject to Dismissal ..................................................................................... 13

VI. CONCLUSION ........................................................................................ 14

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

859110.01/LA

(i)

Case No. CV10-1097 JFW (OP)
MEMO OF P&A ISO MOTION TO DISMISS

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abdallah v. United Savings Ban,*
   43 Cal.App.4th 1101 (1996) .................................................................... 14

*Aguilar v. Bocci*
   39 Cal. App. 3d 475 (1974) ..................................................................... 16

*Ashcroft v. Iqbal,*
   129 S. Ct. 1937 (2009) .............................................................................. 4

*Associated Gen. Contrs. of Am. v. Metropolitan Water Dist.,*
   159 F.3d 1178 (9th Cir. 1998) .................................................................. 6

*Balistreri v. Pacifica Police Dept.,*
   901 F.2d 696 (9th Cir. 1988) .................................................................... 6

*Bautista v. Los Angeles County,*
   216 F.3d 837 (9th Cir. 2000) .................................................................... 3

*Bell Atlantic Corp. v. Twombly,*
   127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ........................................... 4, 7

*Birkhofer v. Krumm*
   27 Cal.2d 513 (1938) .............................................................................. 13

*Cairns v. Franklin Mint Co.,*
   24 F. Supp. 2d 1013 (C.D. Cal. 1998) ...................................................... 5

*Clegg v. Cult Awareness Network,*
   18 F.3d 752 (9th Cir. 1994) ...................................................................... 6

*Conley v. Gibson,*
   355 U.S. 41 (1957) ............................................................................. 9, 11

*Derakhshan v. Mortgage Elec. Registration Sys., Inc.*
   2009 U.S. Dist. LEXIS 63176, *19-20 (C.D. Cal. 2009) ......................... 9

*Dreyfuss v. Union Bank of Cal.*
   24 Cal.4th 400 (2000) ............................................................................. 12

*Durning v. First Boston Corp.,*
   815 F.2d 1265 (9th Cir. 1987) .................................................................. 6

*Fontana Land Co. v. Laughlin*
   199 Cal. 625 (1926) ................................................................................ 16

*FPCI RE-HAB 01 v. E&G Invs., Ltd.*
   207 Cal.App.3d 1018 (1989) .................................................................. 14

*Gaitan v. Mortgage Elec. Registration Sys., Inc.*
   2009 WL 3244729, *6 (C.D. Cal. 2009) .................................................. 8

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

859110.01/LA

(ii)

Case No. CV10-1097 JFW (OP)
MEMO OF P&A ISO MOTION TO DISMISS

| | Page(s) |
|---|---|
| *Gauvin v. Trombatore*, 682 F. Supp. 1067 (N.D. Cal. 1988) | 4 |
| *Guerrero v. Citi Residential Lending, Inc.*, 2009 WL 926973, *6-8 (N.D. Cal. 2009) | 15 |
| *In re O'Kelley*, 2009 U.S. Dist. LEXIS 99973, *20 (D. Haw. 2009) | 8 |
| *In re Sagent Technology, Inc.*, 278 F. Supp. 2d 1079 (N.D. Cal. 2003) | 4 |
| *Karlsen v. American Sav. & Loan Assn.*, 15 Cal.App.3d 112 (1971) | 14 |
| *Kays v. Bundy*, 92 Cal.App.2d 497 (1926) | 16 |
| *King v. California*, 784 F.2d 910 (9th Cir. 1986), cert. denied, 484 U.S. 802 (1987) | 6 |
| *Knievel v. ESPN*, 393 F.3d 1068 (9th Cir. 2005) | 7 |
| *Lomboy v. SCME Mortgage Bankers*, 2009 WL 1457738, *3 (N.D. Cal. 2009) | 9 |
| *Marder v. Lopez*, 450 F.3d 445 (9th Cir. 2006) | 7 |
| *Melendrez v. & D&I Investment, Inc.*, 127 Cal.App.4th 1238 (2005) | 12 |
| *Merscorp v. Romaine*, 8 N.Y. 3d 90 (N.Y. 2006) | 8 |
| *Moeller v. Lien*, 25 Cal.App.4th 822 (1994) | 12 |
| *Mullis v. United States Bankruptcy Ct.*, 828 F.2d 1385 (9th Cir. 1987) | 6 |
| *Neubronner v. Milken*, 6 F.3d 666 (9th Cir. 1993) | 5 |
| *Nguyen v. Calhoun*, 105 Cal.App.4th 428 (2003) | 15 |
| *Sumner Peck Ranch v. Bureau of Reclamation*, 823 F.Supp. 715 (E.D. Cal. 1993) | 6 |
| *Tarmann v. State Farm Mutual Auto Ins. Co.*, 2 Cal.App.4th 153 (1991) | 10 |

LAW OFFICES
Allen Matkins Leck Gamble Mallory & Natsis LLP

859110.01/LA

(iii)

Case No. CV10-1097 JFW (OP)
MEMO OF P&A ISO MOTION TO DISMISS

|  | Page(s) |
|---|---|
| *United States Cold Storage v. Great Western Savings & Loan Assn.* 165 Cal. App. 3d 1214 (1985) | 13, 14 |
| *United States v. Ritchie,* 342 F.3d 903 (9th Cir. 2003) | 7 |
| *Vance v. Villa Park Mobilehome Estates,* 36 Cal.App.4th 698 (1995) | 15 |
| *Vess v. Ciba-Geigy Corp. USA,* 317 F.3d 1097 (9th Cir. 2003) | 5 |

**Statutes**

| | |
|---|---|
| Cal. Civ. Code § 2924 | 11 |
| Cal. Civ. Code § 2924b | 11 |
| Cal. Civ. Code § 2924b(b)(4) | 11 |
| Cal. Civ. Code § 2934(d) | 11 |
| Cal. Civ. Code § 2934a(d) | 11 |

**Rules**

| | |
|---|---|
| Fed. R. Civ. Proc. Rule 12(b)(6) | 4 |
| Fed. R. Civ. Proc. Rule 8 | 3, 4 |
| Fed. R. Civ. Proc. Rule 8(a) | 4 |
| Fed. R. Civ. Proc. Rule 9(b) | 4, 8 |

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

859110.01/LA

(iv)

Case No. CV10-1097 JFW (OP)
MEMO OF P&A ISO MOTION TO DISMISS

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION.

Plaintiff filed a Complaint in San Bernardino County Superior Court, Case No. CIVRS909567 ("the State Action") on August 26, 2009. On October 30, 2009, OneWest filed its demurrer in the State Action. On January 12, 2010, Plaintiff filed a First Amended Complaint. On February 16, 2010, the Federal Deposit Insurance Corporation ("FDIC") removed this action. Although Plaintiff had a chance to correct the deficiencies of the original Complaint, the FAC still fails to identify any acts or wrongdoing by defendants OneWest Bank, F.S.B., improperly sued herein as "One West Bank, FSB. formally known as IndyMac Bank, FSB", Mortgage Electronic Registration Systems, Inc. ("MERS"), Steven Mnuchin ("Mnuchin"), J.C. San Pedro ("San Pedro") or Roger Stotts ("Stotts") (collectively "Moving Defendants") that would support an action for damages of any sort, let alone causes of action for (1) Fraud; (2) To Void and Cancel Deed of Trust; (3) To Set Aside Trustee's Sale; (4) To Void or Cancel Trustee's Deed Upon Sale; or (5) Quiet Title.[1] Plaintiff's FAC is essentially devoid of any allegations of misconduct on the part of

---

[1] Plaintiff alleges that IndyMac Federal Bank, F.S.B. (hereinafter, "IndyMac") was "purchased by defendant OneWest on or about March 19th 2009" and that OneWest is "successor in interest to IndyMac." FAC ¶¶ 2, 3. These allegations are false. IndyMac is a federally chartered savings bank, still extant and separately named as a defendant in this suit. IndyMac has been in Federal Deposit Insurance Corporation ("FDIC") conservatorship since July 11, 2008 and FDIC receivership since March 19, 2009. See concurrently filed Request for Judicial Notice ("RJN"), Exs. A and B. Plaintiff's attempt to conflate IndyMac with OneWest likely stems from the fact that the FDIC recently published a Determination of Insufficient Assets (essentially a notice of insolvency) for the IndyMac receivership. See RJN, Ex. C. Plaintiff is thus likely on notice that IndyMac is insolvent, and incapable of paying his requested damages. In response, he appears to be seeking compensation from OneWest for IndyMac's alleged wrongs. OneWest did not even exist at the time the majority of relevant events alleged in the FAC took place. Indeed, OneWest did not exist until March 19, 2009. See RJN, Ex. D. As a consequence, Plaintiff's attempt to hold OneWest liable for IndyMac's alleged actions has no merit and must not be countenanced.

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

859110.01/LA

-1-

Case No. CV10-1097 JFW (OP)
MEMO OF P&A ISO MOTION TO DISMISS

Moving Defendants and puts forward no legally supportive theory upon which to hold them liable for Plaintiff's alleged damages. Indeed, no causes of action are alleged against defendant San Pedro at all.[2]

Instead, in an attempt to evade foreclosure, Plaintiff has filed a FAC that presents the Court with a non-specific and factually erroneous attack on MERS and the mortgage lending industry, presumably in the hope that popular displeasure with the industry can be used to prop up a deficient FAC. Plaintiff's causes of action against Moving Defendants are improperly alleged, and each is deficient on its face. The FAC fails to state a claim on which relief can be granted or even to demonstrate why Moving Defendants should bear some liability in connection with Plaintiff's allegations.

Based on the foregoing arguments, Moving Defendants respectfully moves the Court to dismiss Plaintiff's FAC as against Moving Defendants because the FAC (and each cause of action asserted therein) fails to state a claim upon which relief can be granted.

## II. STATEMENT OF FACTS.

Plaintiff alleges that he entered into a loan transaction ("Loan") on or about October 24, 2006 with defendant IndyMac Federal Bank secured by the real property located at 7057 Mesada Street, Rancho Cucamonga, California 91701 ("Property"). FAC ¶ 35. Plaintiff further alleges that on or about December 11, 2008, Quality Loan Services, Inc. ("Quality") recorded a Notice of Default against the Property reflecting a default of $38,710.75. FAC ¶ 36. Plaintiff alleges that Quality was not the trustee at the time the Notice of Default was recorded and that

---

[2] San Pedro has not been properly served in this matter. Although counsel for San Pedro contacted Plaintiff's counsel on February 10, 2010 to inform her that we represented San Pedro and were willing to execute a Notice of Acknowledgment of Receipt for the summons and FAC, Plaintiff's counsel has not responded as of the date of the filing of this Motion to Dismiss and a Notice of Acknowledgement and Receipt has not been provided.

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP
859110.01/LA
-2-
Case No. CV10-1097 JFW (OP)
MEMO OF P&A ISO MOTION TO DISMISS

Quality therefore had no right to record the Notice of Default. FAC ¶¶ 38-39. Plaintiff alleges that the Substitution of Trustee substituting Quality for First American Title Insurance company was dated and signed December 10, 2008, notarized on December 19, 2008 and recorded on January 23, 2009. FAC ¶ 40. Plaintiff further alleges that an Assignment of Deed of Trust was executed on November 21, 2008, notarized on January 23, 2009, and recorded on February 3, 2009. FAC ¶ 42. Plaintiff alleges that a Notice of Trustee Sale was recorded by Quality on March 16, 2009 and that a Trustee's Deed Upon Sale was recorded on June 5, 2009. FAC ¶ 43. Plaintiff alleges that the Trustee's Sale and resulting Trustee's Deed were invalid due to irregularities in the substitution of trustee and assignment of Deed of Trust processes. FAC ¶¶ 41, 44. Plaintiff further alleges that by accepting payment in connection with a loan modification determination during the foreclosure process, IndyMac Federal Bank voided the breach claimed in the Notice of Default. FAC ¶ 46.

Plaintiff's vague and unsupported allegations fail to link Moving Defendants to any wrongdoing in the Loan origination or foreclosure process. The FAC simply fails to state a claim against Moving Defendants for any cause of action.

## III. LEGAL STANDARD.

To state a claim for relief in compliance with Rule 8 of the Federal Rules of Civil Procedure, "plaintiff must plead a short and plain statement of the elements of his or her claim, identifying the transaction or occurrence giving rise to the claim and the elements of the prima facie case." *Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000). The United States Supreme Court has tightened the pleading standards under Rule 8 and has held that a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (emphasis added). The Court explained:

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

859110.01/LA

-3-

Case No. CV10-1097 JFW (OP)
MEMO OF P&A ISO MOTION TO DISMISS

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level.

Id. at 1964-65 (emphasis added, internal citations omitted). The minimal pleading threshold "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Moreover, broad allegations that fail to specify which individual defendants are responsible for which wrongful conduct are insufficient under Rule 8(a). *See In re Sagent Technology, Inc.*, 278 F. Supp. 2d 1079, 1094 (N.D. Cal. 2003). To survive a motion to dismiss, a plaintiff must specifically identify which parties participated in the allegedly wrongful conduct so that defendants are advised of the claims they must defend. *See, e.g., Gauvin v. Trombatore*, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988) (holding that lumping together multiple defendants in one broad allegation fails to satisfy notice requirements of Rule 8).

Allegations of fraud must meet the heightened pleading standards of Rule 9(b) of the Federal Rules of Civil Procedure, which requires allegations of "particular facts going to the circumstances of the fraud, including time, place, persons, statements made and an explanation of how or why such statements are false or misleading." Fed. R. Civ. P. 9(b). Rule 9(b) applies to statutory claims based on misrepresentations even if the statute eliminates some traditional elements of fraud, such as reliance. Also, Rule 9(b)'s particularity requirement applies to any averments of fraud even in claims for which fraud is not an essential element. Where a plaintiff alleges a uniform course of fraudulent conduct and relies on that conduct as a basis of a claim, the claim "sounds in fraud" and the plaintiff must

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

859110.01/LA

-4-

Case No. CV10-1097 JFW (OP)
MEMO OF P&A ISO MOTION TO DISMISS

plead the whole claim with particularity. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-04 (9th Cir. 2003). Further, in order to satisfy particularity requirements for pleading fraud, a plaintiff who makes allegations upon no more than information and belief must state a factual basis for his belief, even when the allegations concern matters said to be peculiarly within defendant's knowledge. *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993).

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the claims asserted in the complaint. *Cairns v. Franklin Mint Co.*, 24 F. Supp. 2d 1013, 1023 (C.D. Cal. 1998). Dismissal under Rule 12(b)(6) may be based either on the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). A motion to dismiss is also proper when Plaintiff seeks remedies to which Plaintiff is not entitled as a matter of law. *See, e.g., King v. California*, 784 F.2d 910 (9th Cir. 1986), cert. denied, 484 U.S. 802 (1987).

Although the Court must construe the facts in the light most favorable to the non-moving party, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Associated Gen. Contrs. of Am. v. Metropolitan Water Dist.*, 159 F.3d 1178, 1181 (9th Cir. 1998) (citation omitted). "[T]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

Facts subject to judicial notice may be considered on a motion to dismiss. *Mullis v. United States Bankruptcy Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987). A court may disregard allegations in the complaint if contradicted by facts established by exhibits attached to the complaint. *Sumner Peck Ranch v. Bureau of Reclamation*, 823 F.Supp. 715, 720 (E.D. Cal. 1993) (citing *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987). Moreover, although courts generally do

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

859110.01/LA

-5-

Case No. CV10-1097 JFW (OP)
MEMO OF P&A ISO MOTION TO DISMISS

not look outside the pleadings in deciding a motion to dismiss, a document is not considered outside the complaint if it is "incorporated by reference." *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). A document is incorporated by reference if the plaintiff "refers extensively to the document or the document forms the basis of plaintiff's claims." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *see also Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). Thus, contents of documents on which a plaintiff's claim depends, that are mentioned in the complaint and whose authenticity no party questions, may be considered even if the documents are not attached to the complaint. *Knievel*, 393 F.3d at 1076.

As detailed below, the Complaint is vague and ambiguous and raises no cognizable claim for relief "above the speculative level." *Bell Atlantic Corp.*, 127 S. Ct. at 1964-65. Therefore the Complaint should be dismissed.

## IV. NO CAUSES OF ACTIONS ARE ALLEGED AGAINST DEFENDANT SAN PEDRO.

Although defendant San Pedro is included in the caption, no causes of action are alleged against San Pedro and almost no facts are alleged regarding him. The single factual allegation regarding San Pedro is that he is a notary residing in the State of Texas. FAC ¶ 19. Clearly, this allegation is insufficient to support any cause of action against San Pedro, although none are alleged. Accordingly, the Moving Defendant's motion to dismiss should be granted without leave to amend as to defendant San Pedro.

## V. EACH CAUSE OF ACTION IN THE FAC FAILS.

### A. Plaintiff's First Cause of Action for Fraud is Subject to Dismissal.

The Plaintiff alleges the First Cause for Fraud against MERS of the Moving Defendants. Plaintiff's claims here, and elsewhere in the FAC, are predicated on misstatements and false allegations regarding MERS' organization and role in the

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

859110.01/LA

-6-

Case No. CV10-1097 JFW (OP)
MEMO OF P&A ISO MOTION TO DISMISS

Loan transaction. Moreover, Plaintiff fails to meet the heightened pleading standard for fraud. For these reasons, Plaintiff's fraud claim should be dismissed.

### 1. MERS Role as Beneficiary and Organization.

Plaintiff alleges that MERS "could never properly be the beneficiary under any California Deed of Trust." FAC ¶ 9. However, MERS' right to act as a nominee/beneficiary on deeds of trust securing residential mortgages has been widely recognized and affirmed, including within the Ninth Circuit. *See In re O'Kelley* 2009 U.S. Dist. LEXIS 99973, *20 (D. Haw. 2009) ; *Gaitan v. Mortgage Elec. Registration Sys., Inc.* 2009 WL 3244729, *6 (C.D. Cal. 2009) ; *Merscorp v. Romaine,* 8 N.Y. 3d 90 (N.Y. 2006) , 96-96. Accordingly, Plaintiff's allegations to the contrary are without merit and Plaintiff's causes of action must fail to the extent they are premised on this demonstrably false theory.

Plaintiff also alleges that MERS is not registered with the California Secretary of State and therefore may not transact business in the state. FAC ¶¶ 6, 11, 13, 66, 77. MERS does not have any registered service agent in California, because it is not required to register. *See Lomboy v. SCME Mortgage Bankers,* 2009 WL 1457738, *3 (N.D. Cal. 2009) (finding that MERS may be exempt from the statutory registration requirement: "It is unclear how [plaintiff's] argument [regarding MERS non-registration] is intended to establish that MERS is doing business in violation of California law, given the statutory exemptions noted by MERS."); *Derakhshan v. Mortgage Elec. Registration Sys., Inc.*, 2009 U.S. Dist. LEXIS 63176, *19-20 (C.D. Cal. 2009) (finding that MERS is not obligated to register with the California Secretary of State because its services do not constitute intrastate business.).

Plaintiff seeks to use the alleged non-registration of MERS and its alleged inability to act as beneficiary to state a claim for fraud and as a basis for voiding the Deed of Trust and invalidating OneWest's interest in the Property. As demonstrated above, these allegations are without merit and unsupported by the law,

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

859110.01/LA

-7-

Case No. CV10-1097 JFW (OP)
MEMO OF P&A ISO MOTION TO DISMISS

notwithstanding the total lack of any nexus between these allegations to a fraud claim. Accordingly, Plaintiff's claims must fail to the extent they are based on these unfounded and erroneous allegations.

### 2. Plaintiff Fails to Meet the Pleading Standard for Fraud.

In order to plead a fraud claim, a plaintiff must allege the "who, what, where and when of the alleged fraud" to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson,* 355 U.S. 41, 47 (1957). Further, where fraud is alleged against a corporation, the plaintiff must allege: (1) the name of the person who made the misrepresentation; (2) the person's authority to speak for the corporation; (3) to whom the person communicated; (4) what was said or written; and (5) when the communication occurred. *Tarmann v. State Farm Mutual Auto Ins. Co.,* 2 Cal.App.4th 153, 157 (1991) (demurrer sustained without leave to amend where plaintiff failed to identify the alleged misrepresentations and who made them). Moreover, allegations of fraud must meet the heightened pleading standards of Rule 9(b) of the Federal Rules of Civil Procedure, which requires allegations of "particular facts going to the circumstances of the fraud, including time, place, persons, statements made and an explanation of how or why such statements are false or misleading." Fed. R. Civ. P. 9(b)

Here, Plaintiff's Cause of Action for Fraud is premised on vague and conclusory allegations as to MERS regarding the origination of the Loan. Such allegations are insufficient to satisfy the heightened pleading standard set for fraud claims by Rule 9(b) of the Federal Rules of Civil Procedure. Plaintiff alleges that in an effort to "hide that MERS was involved" in the Loan transaction, IndyMac, First American Title Insurance Company, MERS and Jean P. Fernandez "failed to disclose material elements of the deed rendering it something other than it was purported to be" and "knew that at least one of the purported loan documents was

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

859110.01/LA

-8-

Case No. CV10-1097 JFW (OP)
MEMO OF P&A ISO MOTION TO DISMISS

mislabeled and via its practice of having a notary conduct the closing, knew that Plaintiff would have no opportunity to discover Defendant MERS existence in the deed." FAC ¶¶ 54, 55, 57  Plaintiff alleges no facts whatsoever as to who said what (or even which Defendant), how it was said or communicated, or when it was said. Indeed, Plaintiff's allegations are often nonsensical, as when he alleges that the fraud was perpetrated to hide MERS' involvement with the Loan, while acknowledging elsewhere in the FAC that MERS' role as beneficiary was stated on the face of the subject Deed of Trust. FAC ¶¶ 41, 55, Exhibit B.  Accordingly, there are insufficient allegations of the "who, what, where and when of the alleged fraud." *Conley*, 255 U.S. at 47.  As pleaded, the fraud claim is deficient and should be dismissed as to MERS.

### B. Plaintiff's Second Cause of Action to Void and Cancel Deed of Trust is Subject to Dismissal.

Plaintiff provides no legal authority for his cause of action to cancel the Deed of Trust, which is alleged against Moving Defendants OneWest and MERS.  His claim appears to be predicated upon his First Cause of Action for Fraud, and upon his erroneous allegations that MERS was required to register with the California Secretary of State and cannot legally act as the beneficiary of a deed of trust. FAC. ¶¶ 66, 67.  As discussed above, Plaintiff's fraud claim must fail and his allegations regarding MERS' role as beneficiary and non-registration are without merit. Plaintiff's cause of action to cancel the Deed of Trust therefore must also fail, and it should be dismissed as to Moving Defendants without leave to amend.

### C. Plaintiff's Third and Fourth Causes of Action to Set Aside Trustee's Sale and to Void or Cancel Trustee's Deed Upon Sale are Subject to Dismissal

Plaintiff's Third and Fourth Causes of Action seek to set aside the trustee's sale of the Property and cancel the Trustee's Deed Upon Sale because of alleged

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

859110.01/LA

-9-

Case No. CV10-1097 JFW (OP)
MEMO OF P&A ISO MOTION TO DISMISS

irregularities in the foreclosure and sale procedure.[3] Specifically, the Plaintiff alleges that the underlying Deed of Trust was invalid, presumably because it listed MERS as the beneficiary, and that the Notice of Default recorded against the Property was also invalid because Quality Loan services, Inc. ("Quality") did not have standing to prepare and record it.[4] FAC ¶¶ 71, 75, 76-85.

        1.    <u>Plaintiff Fails to Overcome the Presumption that the Trustee's Sale was Proper.</u>

A non-judicial foreclosure sale in California is entitled to a common law presumption that the sale was conducted regularly and fairly. *Melendrez v. & D&I Investment, Inc.*, 127 Cal.App.4th 1238, 1258 (2005). One of the Legislature's purposes in establishing the non-judicial foreclosure process was to ensure that a properly conducted foreclosure sale constitutes a final adjudication of the rights of the borrower and lender. *Moeller v. Lien*, 25 Cal.App.4th 822, 831 (1994). The statutory scheme evinces the legislative intent to establish an equitable tradeoff of protections and limitations. *Dreyfuss v. Union Bank of Cal.*, 24 Cal.4th 400, 411 (2000). In addition, a party cannot enjoin a foreclosure sale unless he has tendered the obligation in full. *See United States Cold Storage v. Great Western Savings & Loan Assn.*, 165 Cal. App. 3d 1214, 1222 (1985) ("[T]he law is long-established that

---

[3] Plaintiff's Third Cause of Action to Set Aside Trustee's Sale is alleged against Moving Defendants OneWest, MERS, Stotts and Mnuchin. Plaintiff's Fourth Cause of Action to Void or Cancel Trustee's Deed Upon Sale is alleged against Moving Defendants OneWest and MERS.

[4] The Third Cause of Action is also subject to dismissal as to Stotts and Mnuchin because Plaintiff fails to allege sufficient facts regarding these defendants. Indeed, with regard to Stotts, Plaintiff alleges only that he is the Vice President of MERS, that he signed the Assignment of Deed of Trust, and that he along with other defendants somehow "participated and aided and abetted . . . in submitting this fraudulent Deed which formed the basis of the unlawful foreclosure". FAC ¶¶ 25, 42, 71. With regard to Mnuchin, Plaintiff alleges only that he is Chairman of OneWest and that he likewise somehow participated and aided and abetted in submitting a fraudulent deed. FAC ¶¶ 15, 71. These sparse and vague allegations are clearly insufficient to sustain <u>any</u> cause of action against either Stotts or Mnuchin, and these causes of action should be dismissed as to these defendants on these grounds alone.

a trustor or his successor must tender the obligation in full as a prerequisite to challenge of the foreclosure sale").

Here, Plaintiff alleges no facts to overcome the presumption that the sale was proper. As discussed above, Plaintiff's allegations regarding MERS' role as beneficiary under the subject Deed of Trust and its non-registration with the California Secretary of State are without merit. FAC ¶¶ 71, 78. Plaintiff's allegations that the Notice of Default is invalid are similarly baseless. Plaintiff alleges that Quality did not have standing to prepare and record the Notice of Default because the substitution of trustee was not yet effectuated or recorded. FAC ¶¶ 79-82. This is simply wrong.

First, the trustee is not the only entity authorized to prepare and record a Notice of Default. *California Civil Code* section 2924b provides that the trustee, the substitute trustee, the beneficiary, or any person holding the note or any of their authorized agents may record the Notice of Default. *Cal. Civ. Code* §§ 2924b(b)(4); 2924; *Birkhofer v. Krumm*, 27 Cal.2d 513 (1938). Accordingly, Plaintiff's allegation that the Notice of Default is invalid because Quality was not the trustee at the time it was recorded is without merit.

Second, the substituted trustee is permitted to act before recordation of the substitution pursuant to section 2934a(d) of the *Civil Code*, which provides that "[a] trustee named in a recorded substitution of trustee shall be deemed to be authorized to act as the trustee under the mortgage or deed of trust for all purposes **from the date the substitution is executed** by the mortgagee, beneficiaries, or by their authorized agents." *Cal. Civ. Code* § 2934(d) (emphasis added). The Substitution of Trustee is signed and dated December 10, 2008, and the Notice of Default is signed and dated December 10, 2008 and was recorded on December 11, 2008. FAC Exhibits D and C. Accordingly, Quality was authorized to act as the trustee on December 10, 2008, the date the Notice of Default was executed, and the Notice of

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

859110.01/LA

-11-

Case No. CV10-1097 JFW (OP)
MEMO OF P&A ISO MOTION TO DISMISS

Default is valid regardless of whether it was executed by Quality as trustee or as an authorized agent of the beneficiary or note holder. Plaintiff has alleged no facts to overcome the presumption that the sale was proper, and his Third and Fourth Causes of Action must fail on this ground alone.

### 2. Plaintiff Fails to Meet the Tender Requirement.

A defaulted borrower is "required to allege tender of the amount of [the lender's] secured indebtedness in order to maintain a cause of action for irregularity in the sale procedure." *Abdallah v. United Savings Ban,* 43 Cal.App.4th 1101, 1109 (1996). An action to set aside a foreclosure sale, unaccompanied by an offer to redeem, does not state a cause of action which a court of equity recognizes. *Karlsen v. American Sav. & Loan Assn.*, 15 Cal.App.3d 112, 117 (1971). The rationale behind the tender rule is that if plaintiff could not have redeemed the property had the sale procedures been proper, any irregularities do not result in damage to plaintiff. *See FPCI RE-HAB 01 v. E&G Invs., Ltd.*, 207 Cal.App.3d 1018, 1022 (1989); *see also United States Cold Storage,* 165 Cal.App.3d at 1224 ("It would be futile to set aside a foreclosure sale on the technical ground that notice was improper, if the party making the challenge did not first make full tender and thereby establish his ability to purchase the property.") The tender rule is strictly applied. *See Nguyen v. Calhoun,* 105 Cal.App.4th 428, 439 (2003).

Here, Plaintiff fails to establish his ability to redeem the Property. While Plaintiff alleges that he was willing and able to tender the amounts due under the Loan at the time of the foreclosure sale and can tender currently, this allegation is contradicted by his failure to make the monthly mortgage payments. FAC ¶ 48. Plaintiff acknowledges that the Notice of Default recorded on the Property stated he was in default in the amount of $38,710.75, and he does not contest the accuracy of the default or the default amount. FAC ¶ 36 and Exhibit C. Plaintiff's allegation of his ability to tender is thus contradicted by his failure to make his mortgage

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

859110.01/LA

-12-

Case No. CV10-1097 JFW (OP)
MEMO OF P&A ISO MOTION TO DISMISS

payments, as evidenced by the Notice of Default, and by his failure to redeem the Property prior to the trustee's sale, as evidenced by the Trustee's Deed Upon Sale. FAC Exhibits C and D. *See Guerrero v. Citi Residential Lending, Inc.*, 2009 WL 926973, *6-8 (N.D. Cal. 2009) (dismissing complaint and holding that a plaintiff who is unable to make monthly mortgage payments cannot possibly establish facts to meet the tender requirement); *see Vance v. Villa Park Mobilehome Estates*, 36 Cal.App.4th 698, 709 (1995), 36 Cal. at 709 (the court is not required to accept as true allegations contradicted by the exhibits to the Complaint). Moreover, Plaintiff contradicts his earlier allegation regarding his ability to tender by alleging that he would have sought financing or funds to cure the arrearage on the Loan if defendants had not made false statements regarding a loan modification. FAC ¶ 104. Clearly, if Plaintiff was willing and able to tender, he would not have to seek financing or funds to cure the arrearages. Therefore, Plaintiff cannot establish facts to meet the tender requirement, and his attempts to set aside the foreclosure should be barred.

### D. Plaintiff's Fifth Cause of Action to Quiet Title is Subject to Dismissal.[5]

Plaintiff's FAC presents no basis to set aside a presumptively valid foreclosure and quiet title in his favor. Plaintiff is requesting a windfall – his Property free and clear of all liens. No law supports Plaintiff's request. Indeed, the law is settled that a "mortgagor may not quiet title against a mortgage unless and until he pays his debt secured by the mortgage." *Kays v. Bundy*, 92 Cal.App.2d 497, 499 (1926) (citing *Fontana Land Co. v. Laughlin* 199 Cal. 625, 639 (1926)). It is

---

[5] Plaintiff's FAC contains two duplicative Fifth Causes of Action. Although the "second" Fifth Cause of Action does not state what cause of action is alleged, the "first" Fifth Cause of Action and the caption indicate that the Fifth Cause of Action is for Quiet Title. Regardless, the allegations of both Fifth Causes of Action are duplicative of those alleged elsewhere in the FAC and both are addressed here under one heading.

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP
859110.01/LA
-13-
Case No. CV10-1097 JFW (OP)
MEMO OF P&A ISO MOTION TO DISMISS

1 clear from Plaintiff's FAC that Plaintiff has not paid his debt and the quiet title claim
2 is improper. FAC, ¶ 48. The cloud upon his title persists until the debt is paid."
3 *Aguilar v. Bocci,* 39 Cal. App. 3d 475, 477 (1974) (citation omitted). Moreover, this
4 cause of action appears to be premised upon the alleged fraud violations and the
5 allegations that the trustee's sale was invalid, which, as set forth above, are without
6 merit. Plaintiff's further allegations that he had been approved for a loan
7 modification that was subsequently denied by defendants is refuted by the alleged
8 loan modification agreement, which clearly states that the agreement is not binding
9 until signed by IndyMac Federal Bank and returned to Plaintiff. FAC Exhibit H, p.
10 2, ¶ 1. The agreement attached as an exhibit to the FAC is not signed by IndyMac
11 Federal Bank, and Plaintiff makes no allegation that it was ever signed and returned
12 to him. Moreover, the loan modification agreement makes no mention of any of the
13 Moving Defendants. Plaintiff's allegations regarding a loan modification agreement
14 are thus without merit. Therefore, for all these reasons, this cause of action must
15 fail.

## VI. CONCLUSION.

For all the foregoing reasons, Moving Defendants respectfully request that the Court grant their Motion to Dismiss.

Dated: April 27, 2010

ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP
ROBERT J. CATHCART
ELEANOR M. ORD

By: /s/ Eleanor M. Ord
ELEANOR M. ORD
Attorneys for Defendants
ONEWEST BANK, F.S.B,
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,
STEVEN MNUCHIN; J.C. SAN
PEDRO; and ROGER STOTTS

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

859110.01/LA

-14-

Case No. CV10-1097 JFW (OP)
MEMO OF P&A ISO MOTION TO DISMISS

# CERTIFICATE OF SERVICE

*David Morales v. IndyMac Federal Savings Bank, et al.*
USDC, Central District of California, Western Division
Case No.: CV10-1097 JFW (OP)

STATE OF CALIFORNIA      )
                         ) ss.:
COUNTY OF LOS ANGELES    )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 515 South Figueroa Street, Ninth Floor, Los Angeles, California 90071-3309.

On April 27, 2010, I served on interested parties in said action the within:

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ONEWEST BANK, FSB, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., STEVEN MNUCHIN, J.C. SAN PEDRO AND ROGER STOTTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

by placing a true copy thereof in sealed envelope(s) addressed as stated below and causing such envelope(s) to be deposited in the U.S. Mail at Los Angeles, California.

| | |
|---|---|
| Kathleen Alvarado, Esq.<br>3890 Tenth Street, 3rd Floor<br>Riverside, CA 92501<br>(951) 905-8132 / (951) 682-0056<br><br>*Attorney for Plaintiff DAVID MORALES* | Michael A. Angel, Esq.<br>Zachary J. Brown, Esq.<br>Meserve, Mumper & Hughes LLP<br>300 South Grand Avenue, 26th Floor<br>Los Angeles, California 90071-3185<br><br>*Attorneys for Defendant FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR INDYMAC FEDERAL BANK FSB* |

I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction the service was made and that the foregoing is true and correct.

Executed on April 27, 2010, at Los Angeles, California.

| Shirley J. Forster | /s/ *Shirley J. Forster* |
|---|---|
| (Type or print name) | (Signature) |

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

859110.01/LA