|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA | PRIORITY SEND<br>JS-6 |

CIVIL MINUTES -- GENERAL

Case No.  **CV 10-1097-JFW (OPx)**                                         Date:  April 29, 2010

Title:       David Morales -v- Federal Deposit Insurance Corporation, et al.

**PRESENT:**

   HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

   Shannon Reilly                                   None Present
   Courtroom Deputy                              Court Reporter

**ATTORNEYS PRESENT FOR PLAINTIFFS:**         **ATTORNEYS PRESENT FOR DEFENDANTS:**
            None                                                                    None

**PROCEEDINGS (IN CHAMBERS):**    ORDER GRANTING NOTICE OF DISMISSAL PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 41(a) OR (c) [filed 3/22/10; Docket No. 24]

   On March 22, 2010, Plaintiff David Morales ("Plaintiff") Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c) ("Notice of Dismissal"), requesting the dismissal of Defendants Federal Deposit Insurance Corporation and Federal Deposit Insurance Corporation as Receiver for Indymac Federal Bank, FSB.[1]  As of the date of this Order, no Opposition was filed.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  The hearing calendared for May 3, 2010, is hereby vacated and the matter taken off calendar.  After considering the moving papers and the arguments therein, the Court rules as follows:

   Plaintiff's Motion to Dismiss is **GRANTED**.  Defendants Federal Deposit Insurance Corporation and Federal Deposit Insurance Corporation as Receiver for Indymac Federal Bank, FSB are hereby **DISMISSED** from this action.

---

   [1] While Plaintiff filed the Notice of Dismissal that allows a plaintiff to voluntarily dismiss a party without a Court Order, it appears that Plaintiff intended to file a motion to dismiss Defendants Federal Deposit Insurance Corporation and Federal Deposit Insurance Corporation as Receiver for Indymac Federal Bank, FSB pursuant to a Court Order because Plaintiff set a hearing date and time on the docket for his Notice of Dismissal.  *See,* F.R.C.P. 41(a)(1) and (2).  Accordingly, the Court will construe Plaintiff's Notice of Dismissal as a Motion to Dismiss Defendants Federal Deposit Insurance Corporation and Federal Deposit Insurance Corporation as Receiver for Indymac Federal Bank, FSB.

  Having dismissed Defendants Federal Deposit Insurance Corporation and Federal Deposit Insurance Corporation as Receiver for Indymac Federal Bank, FSB from the action, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law causes of action pursuant to 28 U.S.C. § 1367(c).  *See, Federici v. Monroy*, 2010 WL 1463489, *5 (N.D. Cal. Apr. 12, 2010) ("Having dismissed the claims against the FDIC, the court declines to exercise supplemental jurisdiction over the state law claims."); *Turner v. Wells Fargo Bank*, 2005 WL 1865421, *4 (N.D. Cal. Aug. 5, 2005) (remanding case to state court after claims against FDIC were dismissed); *Sabater v. Lead Industries Association, Inc.*, 2001 WL 1111505, *6 (S.D.N.Y. Sept. 21, 2001) (once Freddie Mac was dismissed as a party, finding that "[t]he Court sees no reason why it should hear the main action which was originally filed in state court and is compromised of nine state law claims.").  As a result, this action is hereby **REMANDED** to San Bernardino Superior Court.

  In light of the Court remanding this action to San Bernardino Superior Court, all pending motions in this action are **DENIED as moot**.

  IT IS SO ORDERED.